SIGNED.

Dated: December 14, 2012

*James M. Marlar*

**James M. Marlar, Chief Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| In re: | Chapter 11 |
|---|---|
| LUKE CUSACK, | No. 4:11-bk-32452-JMM |
| Debtor. | **MEMORANDUM DECISION** |

On December 13, 2012, this court was presented with several matters which had been briefed by the parties. After a review of the matters in chambers, the court feels that these items are poised to be disposed of summarily.

The court's review of the procedural posture of this case poses rather unique issues, all raised in what can only be a decided as novel and unorthodox ways.

### **BACKGROUND**

This Chapter 11 case was filed November 23, 2011.

During the course of the case, on July 3, 2012, the Debtor entered into a Settlement Agreement with others, including Jason Turetzky, which settled various claims by and among the Debtor, Turetzky and others. The Settlement Agreement referenced, in several places, the facts of Mr. Cusack's bankruptcy case, its case number and noted that the agreement had to be approved by the bankruptcy court. Mr. Turetsky signed the Settlement Agreement.

The Debtor's Chapter 11 plan was confirmed on August 9, 2012 (ECF No. 162). Since that time, no party-in-interest has appealed, and that order has become final.

The Settlement Agreement was approved as part of the plan confirmation order dated August 9, 2012. Until now, up to confirmation and since, Mr. Turetzky never appeared in the Debtor's bankruptcy case.

Approximately 2 ½ months after confirmation, in mid-October, 2012, Mr. Turetzky filed what appeared to be a routine 2004 examination request (ECF No. 170), which the court routinely grants, almost as a matter of right. In this case, had the court realized that a Chapter 11 plan had already been confirmed, it would have set the 2004 request for a hearing, to inquire of the movant of the purpose for the request, how it was related to the confirmed Plan, and whether the court had retained jurisdiction over the private controversy.

But here, the court did not pick up on these details, and, believing it to be merely another routine item, signed the order on October 26, 2012 (ECF No. 174). Immediately thereafter, the Debtor filed a motion to quash (ECF No. 175).

In addition, the Debtor has counter-attacked with requests for sanctions, contempt and attorneys' fees.

## **DISCUSSION**

When a Debtor's plan is confirmed, the bankruptcy court loses jurisdiction to adjudicate further disputes involving the Debtor, unless the court has, in some fashion, retained jurisdiction over the specific subject matter at hand.

After full review, this court holds that it has not retained jurisdiction over the substance of this request, as the plan has been confirmed and neither the moving papers, nor the responses (ECF Nos. 170, 175-6, 178-79, 181-82), indicate any fact which would indicate that the Debtor's confirmed plan is in default. If Mr. Turetzky has any specific position as to what portion of the plan is violated, or what plan promises the Debtor has made that have been breached, Mr. Turetzky will have to be more specific.

If Mr. Turetzky believes that the confirmation order--which is now final--was procured by fraud, he is directed to 11 U.S.C. § 1144, which provides that this is the <u>only</u> way to set aside such an order. The time limit to file such a motion is 180 days from confirmation. § 1144.

If the starting place for these disputes is to be 11 U.S.C. § 1144, then a full blown trial on the merits is required, not merely mounds of pleadings which are unsupported by either law, or affidavits sworn to under penalty of perjury.

To cut through this bramble bush of unorthodox procedure, the court will quash all subpoenas issued by Mr. Turetzky, vacate the 2004 examination orders, and require all subpoenaed material to be returned--unread and unopened--to the sources from which it came. The court will also not go forward with having hearings on sanctions, contempt or fees.

If the parties want to begin again, here is the roadmap:

<u>Turetzky Step 1</u>: File a motion to set aside the confirmation order under § 1144. The court will then set appropriate evidentiary hearing dates, once an answer or response is filed.

AND/OR

<u>Turetzky Step 2</u>: File a complaint under FED. R. BANKR. P. 7001 to have the court determine the extent, priority or validity of his claim of lien or other interest. The Debtor shall answer, and the usual trial mechanisms will begin.

AND/OR

<u>Turetzsky Step 3</u>: If grounds exist to seek dismissal or conversion of the Chapter 11 case, under § 1112, then such motion should be filed, responses given, and a hearing will be set.

3

Case 4:11-bk-32452-BMW    Doc 184    Filed 12/14/12    Entered 12/17/12 08:38:42    Desc
Main Document - Motion to Quash    Page 3 of 4

For now, in view of the tangled web of accusations and counter-attacks contained in the pleadings, the court will order that no further hearings take place on these items.

However, henceforth, if this court is to be used to further these parties' disputes, the court strongly urges the parties to carefully review the law and rules, including Rule 11 (FED. R. BANKR. P. 9011), before causing expense, delay and inconvenience.

A separate order will be entered.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Noticing Center ("BNC") to the following:

Eric Slocum Sparks, Attorney for Debtor
Rob Charles, Attorney for Jason P. Turetzky
Office of the U.S. Trustee